# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **S.P.**

**No. 18-0800** (Mingo County 17-JA-107)

**FILED**

**February 15, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father D.P., by counsel Diana Carter Wiedel, appeals the Circuit Court of Mingo County's August 16, 2018, order terminating his parental rights to S.P.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel James Wegman, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Cullen C. Younger, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in adjudicating him as an abusing parent, in denying him further opportunity for improvement prior to disposition, and in denying post-termination visitation with the child.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2017, the DHHR filed a petition alleging that five-year-old S.P. was sexually abused. According to the DHHR, the child's abuser was the brother of the mother's boyfriend who continued to have contact with the child after the alleged abuse. The DHHR alleged that the mother was unconcerned about the abuse and took no action to limit contact between the child and her abuser. Additionally, the DHHR alleged that petitioner had no contact with the child and failed to protect the child from sexual abuse. Although petitioner did not appear for the preliminary hearing, he was represented by counsel, who waived the hearing.

The circuit court held an adjudicatory hearing in January of 2018. Petitioner did not appear, but was represented by counsel. The DHHR called the investigating DHHR worker who

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

testified about the child's disclosures. According to the DHHR worker, the child indicated that her vagina had been touched through her clothing. Further, the worker testified that the child went to tell her mother, but stated that the mother was "in the shower with her boyfriend and I was left alone and I was scared." The DHHR worker also testified that the mother told her that petitioner had no contact with the child. On cross-examination, the DHHR worker explained that the child knew petitioner's name and expressed that she "cared for him." The DHHR worker was unaware of any steps that petitioner took to protect his child from sexual abuse. Ultimately, the circuit court adjudicated petitioner as an abusing parent.

In March of 2018, the circuit court held a status hearing. Petitioner did not attend, but was represented by counsel. According to petitioner's counsel, petitioner was aware of the hearing. Further, the guardian indicated that petitioner told a service provider that he did not desire further services and discontinued communication with the DHHR.

In April of 2018, the circuit court held a dispositional hearing. Petitioner did not appear, but was represented by counsel. The DHHR recommended termination of petitioner's parental rights and presented testimony that petitioner failed drug screens until he ultimately refused services in February of 2018. The DHHR worker explained that she suggested to petitioner that he participate in substance abuse rehabilitation and a psychological examination, but that petitioner failed to follow through with those suggestions. Ultimately, the circuit court found that petitioner was unwilling and unable to correct the conditions of abuse and neglect and that there was no reasonable likelihood that those conditions would be corrected in the near future. Accordingly, the circuit court terminated petitioner's parental rights to the child. Additionally, the circuit court found that post-termination visitation was not in the best interest of the child and denied any visitation with petitioner. The circuit court memorialized its decision in its August 16, 2018, order. Petitioner now appeals that order.[2]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

---

[2]The mother's parental rights were also terminated. According to the parties, the permanency plan for the child is adoption in her current relative foster placement.

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

On appeal, petitioner first argues that the circuit court erred in adjudicating him as an abusing parent.[3] Petitioner asserts that the DHHR did not present sufficient evidence that he abandoned the child because the child knew him by name and expressed that she cared for him. However, petitioner ignores the evidence regarding his failure to provide proper supervision for the child and, therefore, we find that petitioner is entitled to no relief. West Virginia Code § 49-1-201, in relevant part, defines a neglected child as one "[w]hose physical or mental health is *harmed or threatened* by a present refusal, failure or inability of the child's parent . . . to supply the child with necessary food, clothing, shelter, *supervision*, medical care or education . . . ." (emphasis added). Further, this same section defines an "abusing parent" as "a parent . . . whose conduct has been adjudicated by the court to constitute child abuse or neglect . . . ." *Id.*

We have held as follows:

"W.Va.Code [§] 49-6-2(c) [now West Virginia Code § 49-4-601(i)], requires the [DHHR], in a child abuse or neglect case, to prove 'conditions existing at the time of the filing of the petition . . . by clear and convincing [evidence].' The statute, however, does not specify any particular manner or mode of testimony or evidence by which the [DHHR] is obligated to meet this burden." Syllabus Point 1, *In Interest of S.C.*, 168 W.Va. 366, 284 S.E.2d 867 (1981).

Syl. Pt. 1, *In re Joseph A.*, 199 W.Va. 438, 485 S.E.2d 176 (1997) (citations omitted). Whether or not sufficient evidence exists that petitioner abandoned his child, it is clear from the evidence presented that the child was not adequately supervised and was harmed as a result. Further, the evidence showed that, following her sexual abuse, S.P. could not reach her mother and was "left alone" and "scared." This evidence clearly shows that petitioner was not active in providing appropriate supervision to his child. Additionally, the evidence showed that petitioner took no action following the sexual abuse to prevent further harm. Accordingly, we find the circuit court properly adjudicated petitioner as an abusing parent.

Second, petitioner argues that the circuit court erred in "failing to grant [petitioner] further time for improvement prior to disposition." In support, petitioner contends that he was not provided an adequate opportunity to prove that he could correct the conditions of abuse and neglect. We disagree. West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the child's welfare. West Virginia Code § 49-4-604(c)(2) provides that a situation

---

[3]Additionally, petitioner contends that he did not have opportunity for a preliminary hearing in this case. However, it is clear from the record that petitioner's counsel waived this hearing for a strategic purpose. Further, petitioner asserts no error or prejudice in the circuit court's acceptance of this waiver. Accordingly, we need not discuss this argument.

in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which the abusing parent "willfully refused or [was] presently unwilling to cooperate in the development of a reasonable family case plan designed to lead to the child's return to their care, custody and control[.]"

The circuit court did not err in proceeding to disposition because petitioner refused to participate in the development of a family case plan. The evidence below clearly showed that petitioner refused to participate in services in February of 2018 and did not remain in communication with either his counsel or the DHHR thereafter. Petitioner's failure to communicate with the DHHR and participate in the proceedings rendered the development and completion of a family case plan impossible. Therefore, the circuit court correctly found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future. Further, termination of petitioner's parental rights was necessary for the welfare of the child because petitioner tested positive for controlled substances and refused to follow through with the treatments recommended by the DHHR. Therefore, the child would continue to be at risk if returned to petitioner's care. Accordingly, we find no error in the circuit court's termination of petitioner's parental rights.

Finally, petitioner argues that the circuit court erred in denying him post-termination visitation with the child. In regard to post-termination visitation, we have previously held that

> the circuit court should consider whether a close emotional bond has been established between parent and child and the child's wishes, if he or she is of appropriate maturity to make such a request. The evidence must indicate that such visitation or continued contact would not be detrimental to the child's well being and would be in the child's best interest.

Syl. Pt. 8, in part, *In re Isaiah A.*, 228 W.Va. 176, 718 S.E.2d 775 (2010)(citation omitted). However, the record is devoid of any evidence to suggest that post-termination visitation is in the best interest of the child. On appeal, petitioner provides just one citation to the record in support to show that the child knows petitioner by his first name. Yet, there is no evidence of a close emotional bond and ample evidence that petitioner tested positive for illegal drugs and refused treatment. Based on this record, we find that the circuit court did not err in denying petitioner post-termination visitation.

For the foregoing reasons, we find no error in the decision of the circuit court, and its August 16, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**:  February 15, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison